Matter of Dikovskiy v New York City Bd. of Educ. (2018 NY Slip Op 00231)





Matter of Dikovskiy v New York City Bd. of Educ.


2018 NY Slip Op 00231


Decided on January 11, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 11, 2018

Renwick, J.P., Richter, Manzanet-Daniels, Kahn, Kern, JJ.


5433 652135/15

[*1]In re Gennadiy Dikovskiy, Petitioner-Respondent,
v
New York City Board of Education doing business as New York City Department of Education), et al., Respondents-Appellants.


Zachary W. Carter, Corporation Counsel, New York (Susan Paulson of counsel), for appellants.
Steven S. Landis, P.C., New York (Steven S. Landis of counsel), for respondents.



Order and judgment (one paper), Supreme Court, New York County (Alice Schlesinger, J.), entered August 29, 2016, denying respondents' cross motion to dismiss the petition, brought pursuant to CPLR article 75, granting the petition, and vacating the penalty in its entirety, unanimously affirmed, without costs.
Where, as here, the parties have submitted to compulsory arbitration, the hearing officer's determination must be in accord with due process, supported by adequate evidence, and rational, and must not be arbitrary and capricious (see Matter of Asch v New York City Bd./Dept. of Educ., 104 AD3d 415, 418-419 [1st Dept 2013]).
The motion court properly concluded that the hearing officer's determination was arbitrary and capricious, and not supported by the record. There was no evidence that petitioner teacher's conduct toward a student violated any rule or regulation or was otherwise inappropriate. Moreover, respondents' various training materials encouraged teachers to interact with students outside the classroom to foster student development, and the alleged "inappropriate" conduct was not sufficiently defined so as to put petitioner on notice as to what constituted misconduct. Furthermore, based on our review of the video, we do not find that the teacher engaged in any inappropriate behavior with a student.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 11, 2018
CLERK